UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------ X
MICHAEL SCHLUSSEL,                    :
                                      :
                   Petitioner,        :
                                      :
      -against-                       :
                                      :
UNITED STATES OF AMERICA,             :
                                      :
                   Respondent.        :
------------------------------------ X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _Oct. 18, 2012_

No. 11 Civ. 5860 (JFK)
**OPINION & ORDER**

APPEARANCES

Petitioner Michael Schlussel, Pro Se

For Respondent United States of America
     Preet Bharara
     United States Attorney, Southern District of New York
          Of Counsel:  William J. Harrington
                       Julian J. Moore

**JOHN F. KEENAN, United States District Judge:**

     Before the Court is Petitioner Michael Schlussel's
("Schlussel" or "Petitioner") pro se motion to vacate, set
aside, or correct his sentence pursuant to 28 U.S.C. § 2255
("Section 2255").  For the following reasons, Petitioner's
motion is denied.

## I.   Background

     On March 25, 2008, Petitioner was charged with three
counts, two of which went to trial before a jury:  (1)
conspiracy to commit mail fraud, in violation of 18 U.S.C.
§ 1349, and (2) mail fraud, in violation of 18 U.S.C. § 1341.
These charges arose out of Petitioner's scheme to defraud

hundreds of companies by mailing them what appeared to be
invoices for fluorescent light bulbs, and depositing the
victims' "payments" into a bank account that he controlled.  On
March 10, 2009, Petitioner was convicted by a jury of both
counts.  The Court sentenced him to 108 months' imprisonment —
well below the range of 210 to 262 months set forth in the
United States Sentencing Guidelines — on July 30, 2009.
Petitioner then appealed to the Second Circuit, which upheld his
convictions and his sentence. See United States v. Schlussel,
383 F. App'x 87 (2d Cir. 2010).

## II.  Section 2255 Standard of Review

Section 2255 allows a prisoner held in federal custody to
collaterally challenge his federal conviction or sentence. 28
U.S.C. § 2255(a).  To obtain relief under this provision, a
petitioner must establish "a constitutional error, a lack of
jurisdiction in the sentencing court, or an error of law or fact
that constitutes a 'fundamental defect which inherently results
in a complete miscarriage of justice.'" United States v. Bokun,
73 F.3d 8, 12 (2d Cir. 1995) (quoting Hill v. United States, 368
U.S. 424, 428 (1962)).  Because Schlussel is proceeding pro se,
his submissions will be "liberally construed in his favor,"
Simmons v. Abruzzo, 49 F.3d 83, 87 (2d Cir. 1995) (citing Haines
v. Kerner, 404 U.S. 519, 520 (1972)), and will be read "to raise
the strongest arguments that they suggest," Green v. United

2

<u>States</u>, 260 F.3d 78, 83 (2d Cir. 2001) (citing <u>Graham v.</u>
<u>Henderson</u>, 89 F.3d 75, 79 (2d Cir. 1996)).

### III. Discussion

Petitioner now moves for relief under Section 2255 on the
basis of due process violations, as well as several different
purported manifestations of ineffective assistance of counsel.
Each contention is discussed in turn below.

### A. Petitioner's Due Process Claims

A court must conduct a hearing to determine a defendant's
competency to stand trial "if there is reasonable cause to
believe that the defendant may presently be suffering from a
mental disease or defect rendering him mentally incompetent to
the extent that he is unable to understand the nature and
consequences of the proceedings against him or to assist
properly in his defense." 18 U.S.C. § 4241(a).  The Second
Circuit has noted that "the failure to conduct a full competency
hearing is not a ground for reversal when the defendant appeared
to be competent during trial, and the district court's view of
the defendant's competency based on its observations at trial is
entitled to deference." <u>United States v. Kirsh</u>, 54 F.3d 1062,
1070-71 (2d Cir. 1995) (citing <u>United States v. Vamos</u>, 797 F.2d
1146, 1150 (2d Cir. 1986)).  Moreover, "failure by trial counsel
to indicate that the defendant had any difficulty in assisting
in preparation or in comprehending the nature of the proceedings

3

'provides substantial evidence of the defendant's competence.'"
Id.

Petitioner now asserts that he was incompetent to stand trial, and argues that he was denied due process of law because the Court failed to address this alleged incompetence at trial and sentencing.  He claims that his behavior should have caused the Court to order a competency hearing.  Petitioner notes that the Court remarked during his sentencing on his boundless capacity for lying, and that counsel chalked this up to "psychological difficulties." Pet. at 12 (quoting Sentencing Tr. at 10).  To be sure, the record in this case is replete with evidence of Petitioner's health problems, both physical and mental. See, e.g., Letter and Report by Yvette Schlussel, Ph.D. (July 23, 2009) (recounting Petitioner's family and medical history); Letter from Joseph B. Bernstein, M.D. (June 30, 2007) (summarizing Petitioner's physical condition).

Nevertheless, the Court finds Petitioner's position to be meritless.  As he notes in his Reply, a court looks to several factors in determining whether a competency hearing is necessary, including the defendant's conduct, attorney representations, and prior medical opinions on the defendant's competence for trial. Petitioner's Reply Brief at 6 (citing Drope v. Missouri, 420 U.S. 162, 180 (1975)).  At the outset, it bears mentioning that Petitioner reported no mental health

4

problems to Pretrial Services. <u>See</u> Pretrial Servs. Rep. at 2.
More important, this Court presided over the trial and had ample
opportunity to observe Petitioner's behavior — which, though
hardly model, certainly did not rise to the level of
incompetence for the purposes of standing trial. <u>See</u> Sentencing
Tr. at 28 (The Court noting, "There is no suggestion he wasn't
competent."); <u>cf.</u> <u>Kirsh</u>, 54 F.3d at 1070–71 (affording deference
to observations of trial court).  Petitioner's counsel never saw
fit to ask the Court for a hearing on Petitioner's competence,
did not contest the Court's statement at sentencing that
Petitioner was competent, and has submitted an affidavit
reaffirming his opinion that Petitioner was competent throughout
the course of his proceedings. <u>See</u> Aff. of Michael Hurwitz,
Esq., at 2.  Finally, three years before Petitioner's trial in
the instant matter, he was evaluated for competence in another
proceeding and was adjudged competent to stand trial in that
proceeding. <u>See</u> Forensic Psychological Evaluation of Sanford L.
Drob, Ph.D., at 8–9 ("Dr. Serban found Mr. Schlussel competent
to proceed with his case.").  The Court now rejects Petitioner's
claims to the contrary.

**B.  Petitioner's Ineffective Assistance of Counsel Claims**

Petitioner alleges that the performance of his attorney,
Michael Hurwitz ("Hurwitz"), was constitutionally deficient and
thus ineffective as a matter of law because:  (1) counsel failed

"to adequately discuss . . . the benefits of accepting the plea offer"; (2) counsel ineffectively argued with respect to a sentencing enhancement; and (3) counsel did not make a motion pursuant to the Speedy Trial Act.  None of these claims have merit.

To prevail on an ineffective assistance of counsel claim, Petitioner must satisfy the two-part inquiry set forth in Strickland v. Washington, 466 U.S. 668 (1984), which applies to counsel both at the trial and appellate levels. See Mayo v. Henderson, 13 F.3d 528, 533 (2d Cir. 1994).  Petitioner must first show that his attorney's representation "fell below an objective level of reasonableness." Strickland, 466 U.S. at 687–88.  For this part of the analysis, the Court "'must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance,' bearing in mind that '[t]here are countless ways to provide effective assistance in any given case' and that '[e]ven the best criminal defense attorneys would not defend a particular client in the same way.'" United States v. Aguirre, 912 F.2d 555, 560 (2d Cir. 1990) (quoting Strickland, 466 U.S. at 689).  Petitioner must then "show that the deficient performance prejudiced the defense," i.e., that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 687, 694; see also

6

Harrington v. Richter, 131 S. Ct. 770, 791–92 (2011) ("In assessing prejudice . . . Strickland asks whether it is 'reasonably likely' the result would have been different.").

First, Petitioner claims that his counsel was constitutionally deficient in connection with the decision not to take a plea.  With respect to a potential plea, "defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." Missouri v. Frye, 132 S. Ct. 1399, 1408 (2012).  To satisfy the prejudice prong of Strickland, the "defendant must show the outcome of the plea process would have been different with competent advice." Lafler v. Cooper, 132 S. Ct. 1376, 1384 (2012); see also Purdy v. United States, 208 F.3d 41, 49 (2d Cir. 2000) (citing Cullen v. United States, 194 F.3d 401, 404 (2d Cir. 1999)) (noting that the petitioner "must demonstrate a reasonable probability that but for [counsel's] deficiencies," he would have pled guilty).

In this case, the record is clear that Hurwitz advised Petitioner of the possibility of a plea, and advised him not to take the case to trial. See Sentencing Tr. at 19–20.  In spite of this, or perhaps because of it, Petitioner now contends that Hurwitz was ineffective because Hurwitz "failed to take into consideration how [Petitioner's] mental condition would make [his] assessment of taking a plea impossible." Pet. at 7.

7

Petitioner's position is essentially that Hurwitz is to blame because a rational defendant would not have chosen to take the case to trial, given the strength of the Government's proof. Because the Court finds that Petitioner was competent at the time of the trial and sentencing, his argument here cannot succeed. Cf. Purdy, 208 F.3d at 45 ("[T]he ultimate decision whether to plead guilty must be made by the defendant." (citing Model Rules of Prof'l Conduct R. 1.2(a))).  The decision to go to trial was his to make, and his claim fails the Strickland test on both prongs.

Second, Petitioner argues that counsel was ineffective because Hurwitz "only argued one point" from United States v. Lewis, 93 F.3d 1075 (2d Cir. 1996).  The premise underlying this argument is that Petitioner's Sentencing Guidelines range was too high because the "sophisticated means" two-point offense level enhancement should not have been applied to his crimes. Petitioner's point is moot because the sentence he received, 108 months, was below not only the guideline range used at sentencing (210-262 months) but also the range Petitioner now claims was appropriate (165-210 months based on Offense Level 35 instead of 37).  Accordingly, Petitioner cannot have been harmed by any hypothetical defect in counsel's argument.  The Court notes, however, that even if Schlussel had been sentenced to more than 210 months, his ineffective assistance claim would

fail because "counsel does not have a duty to advance every nonfrivolous argument that could be made." Mayo, 13 F.3d at 533 (citing Jones v. Barnes, 463 U.S. 745, 754, (1983)).

Third, Petitioner contends that he was deprived of effective assistance of counsel because Hurwitz did not move for dismissal pursuant to the Speedy Trial Act.  This contention is baseless because his rights under the Act were not violated. Although the Act requires that a defendant's trial start within seventy days of being charged or making an initial appearance, see 18 U.S.C. § 3161(c)(1), it provides that a court grant a continuance if it "sets forth, in the record . . . its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial," § 3161(h)(7)(A).  Here, Petitioner points to the period between December 22, 2008 and March 2, 2009 as having been improperly excluded.

A review of the relevant transcripts reveals otherwise.  On September 19, 2008, Judge Holwell excluded the time period through January 5, 2009 with the consent of Petitioner's counsel. Tr. of Sept. 19, 2008 at 15:7–12.  On December 22, 2008, after this Court had taken the case over from Judge Holwell, the Court explicitly stated that the interests of justice were best served by the exclusion of time, after hearing from the parties regarding their preparations for trial, and in

consideration of the fact that the March date had been scheduled, agreed to, and subsequently reconfirmed by both sides. Tr. of Dec. 22, 2008 at 4:20–21.

Petitioner's reliance on Bloate v. United States, 130 S. Ct. 1345 (2010), is therefore misplaced.  Whereas Bloate discussed whether time spent preparing pretrial motions is automatically excludable, here the Court made a specific finding pursuant to § 3161(h)(7)(A).  As such, the time was properly excluded and no violation of the Speedy Trial Act occurred.

Finally, Petitioner requests relief based upon the cumulative effect of the purported errors and violations claimed above.  Because the Court finds that no such errors and violations occurred, Petitioner's request is denied.

### III. Conclusion

For the foregoing reasons, Petitioner's motion to vacate, set aside or correct his sentence pursuant to Section 2255 is denied.

The court certifies, pursuant to 28 U.S.C. § 1951(a)(3), that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Furthermore, as the Petitioner makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253.

**SO ORDERED.**

Dated:     New York, New York
           October/16 , 2012


                                    _____
                                         John F. Keenan
                                    United States District Judge


11